UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * *
Candeloro J. Maggio, Jr.            *
29 Castle Hill Road                 *
Windham, NH 03087                   *
                                    *
        vs.                         *        Civil Action No. 1:12-cv-00296-SM
                                    *
Hinckley, Allen & Snyder, LLP       *
1500 Fleet Center                   *
Providence, RI 02903                *

* * * * * * * * * * * * * * * * * * * *
```

## ANSWER OF HINCKLEY, ALLEN & SNYDER LLP TO PLAINTIFF'S COMPLAINT

**A.  NATURE OF THE CASE**

1. Defendant, HINCKLEY, ALLEN & SNYDER LLP ("Defendant"), admits that this is a civil action, but denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

**B.  PARTIES**

2. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies such allegations.

3. Admitted.

3654792.1

**C.      JURISDICTION**

4.      The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent that this paragraph is deemed to assert factual allegations to which a response is required, Defendant denies same.

**D.      VENUE**

5.      Defendant admits that it maintains a branch office in Concord, New Hampshire and that it is registered to do business in New Hampshire, but denies the remaining allegations of paragraph 5 of Plaintiff's Complaint.

**E.      JURY REQUEST**

6.      This paragraph does not set forth factual allegations to which a response is required.  Defendant also requests trial by jury.

**F.      FACTS COMMON TO ALL COUNTS**

7.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies such allegations.

8.      Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies such allegations.

9.      Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies such allegations.

10. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies such allegations.

11. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies such allegations.

12. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies such allegations.

13. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies such allegations.

14. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies such allegations.

15. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is

without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies such allegations.

16. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and therefore denies such allegations.

17. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies such allegations.

18. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore denies such allegations.

19. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies such allegations.

20. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies such allegations.

21. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies such allegations.

22. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint and therefore denies such allegations.

23. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and therefore denies such allegations.

24. Admitted that on or about March 2, 1998, Plaintiff filed a Complaint in Suffolk Superior Court. Defendant contests Plaintiff's characterization of the Complaint, and therefore denies the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint and therefore denies such allegations.

26. Defendant assumes certain averments of Plaintiff's Complaint are based on pleadings and rulings in other cases in other courts; nevertheless, at this time, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint and therefore denies such allegations.

27. Denied.

28. Denied.

29. Defendant admits that on or about July 17, 2003, it proposed an engagement letter with Frostar Inc. and Frostar Corp., but denies the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that it obtained extensions of time for filing the briefs, and on or about May 19, 2004, it filed a reply brief on behalf of Frostar Inc. and Frostar Corp. in Massachusetts Appeals Court, No. 2003-P-0851, but denies the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Admitted.

32. Denied.

33. Defendant admits that it filed the reply brief on May 19, 2004, but denies the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant admits that on or about March 7, 2005, the Massachusetts Appeals Court issued its written decision. Defendant contests Plaintiff's characterization of the decision, and therefore denies the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant admits that following the decision, Plaintiff and Attorney Coady met with Attorney Tsouros regarding the decision, but denies the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint and therefore denies such allegations.

37. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint and therefore denies such allegations.

38. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint and therefore denies such allegations.

39. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint and therefore denies such allegations.

40. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint and therefore denies such allegations.

41. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint and therefore denies such allegations.

42. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint and therefore denies such allegations.

43. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and therefore denies such allegations.

44. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint and therefore denies such allegations.

45. Denied.

46. Defendant admits that Attorney DeGiacomo was counsel for Lapuck at some time, but is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of Plaintiff's Complaint and therefore denies such allegations.

## COUNT ONE
## BREACH OF CONTRACT

47. Defendant repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 46 as if fully set forth herein in response to the allegations of paragraph 47 of Plaintiff's Verified Complaint.

48. Defendant admits that in its engagement letter it stated that it was not aware of any conflicts of interest regarding the firm's representation of Frostar Inc. and Frostar Corp. on the appeal, but denies the remaining allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Denied.

50. Denied.

## COUNT TWO
## NEGLIGENCE

51. Defendant repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 50 as if fully set forth herein in response to the allegations of paragraph 51 of Plaintiff's Verified Complaint.

52. Defendant admits that it had a duty to Frostar Inc. and Frostar Corp. related to its representation of these entities on the appeal, but denies the remaining allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Denied.

## COUNT THREE
## BREACH OF FIDUCIARY DUTY

54. Defendant repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 53 as if fully set forth herein in response to the allegations of paragraph 54 of Plaintiff's Verified Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT FOUR
## IN A PLEA OF LAW

60. Defendant repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 59 as if fully set forth herein in response to the allegations of paragraph 60 of Plaintiff's Verified Complaint.

61. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against the Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims.

**THIRD AFFIRMATIVE DEFENSE**

The claims asserted in Plaintiff's Complaint are barred, in whole or in part, by the applicable Statute of Limitations and/or the Doctrine of Laches.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over the claims.

**FIFTH AFFIRMATIVE DEFENSE**

This Defendant never had an attorney-client relationship with the Plaintiff, Candeloro J. Maggio, Jr.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint lacks foundation in fact or law and violates Federal Rules of Civil Procedure ll.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages must be denied, in whole or in part, due to operation of the principles of estoppel, and/or res judicata.

**WHEREFORE**, Defendant, HINCKLEY, ALLEN & SNYDER LLP demands judgment as follows:

    a.    dismissing the Complaint in its entirety with prejudice;

    b.    granting Defendant its reasonable costs, disbursements, and attorneys' fees in connection with this action; and

    c.    granting such other and further relief as may be just and proper.

Respectfully submitted,

**HINCKLEY, ALLEN & SNYDER LLP**

By their Attorneys,

Dated:  October 1, 2012

By: /s/ William C. Saturley  
William C. Saturley, Esq., NH Bar #2256  
Preti Flaherty Beliveau & Pachios, PLLP  
P.O. Box 1318  
57 North Main Street  
Concord, NH 03302-1318  
Tel. (603) 410-1500  
Fax. (603) 410-1501  
wsaturley@preti.com

## CERTIFICATE OF SERVICE

I, William C. Saturley, Esq., attorney for Defendants, Hinckley, Allen & Snyder LLP, hereby certify that on this day, I served the within *Answer of Hinckley, Allen & Snyder LLP to Plaintiff's Complaint* to Steven M. Latici, Esq., Law Office of Steven M. Latici, P.A., P.O. Box 130, Gilmanton, NH 03237, via ECF.

By: /s/ William C. Saturley  
William C. Saturley